STATE of Wisconsin EX REL. Leonard L. JONES, Petitioner-Respondent, †

v.

Division Administrator, State of Wisconsin, DIVISION OF HEARINGS AND APPEALS, Respondent-Appellant.

Court of Appeals

*No. 94–3378. Submitted on briefs June 13, 1995.—Decided June 29, 1995.*

(Also reported in 536 N.W.2d 213.)

†Petition to review denied.

For the respondent-appellant the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Peter J. Cannon*, assistant attorney general.

For the petitioner-respondent the cause was submitted on the brief of *David A. Geier* of *LaRowe, Gerlach & Roy, S.C.* of Madison.

Before Gartzke, P.J., Sundby and Vergeront, JJ.

VERGERONT, J. The State of Wisconsin appeals from an order vacating the decision of the Division of Hearings and Appeals to revoke Leonard Jones's parole. The trial court concluded that because the parole revocation hearing did not begin within fifty days of Jones's detention in the county jail as required

by § 302.335(2), STATS.,[1] his parole could not be revoked. We hold that the failure to begin the hearing within fifty days does not deprive the Division of Hearings and Appeals of the authority to hear the matter of Jones's parole revocation and that Jones's right to due process was not violated by the four-day delay in commencing the hearing. We therefore reverse the trial court and remand with instructions that it affirm the decision revoking Jones's parole.

On September 8, 1993, Jones was arrested for possession of drug paraphernalia and crack cocaine. He was charged with violating his parole and detained in the Dane County Jail until November 1, 1993, when his parole revocation hearing began. He appeared at the hearing with counsel. At the end of the hearing on

---

[1] Section 302.335, STATS., provides in part:

(1) In this section, "division" means the division of hearings and appeals in the department of administration.

(2) If a probationer or parolee is detained in a county jail or other county facility, or in a tribal jail under s. 302.445, pending disposition of probation or parole revocation proceedings, the following conditions apply:

(a) The department shall begin a preliminary revocation hearing within 15 working days after the probationer or parolee is detained in the county jail, other county facility or the tribal jail. . . .

(b) The division shall begin a final revocation hearing within 50 calendar days after the person is detained in the county jail, other county facility or the tribal jail. The department may request the division to extend this deadline by not more than 10 additional calendar days, upon notice to the probationer or parolee, the sheriff, the tribal chief of police or other person in charge of the facility, and the division. The division may grant the request. This paragraph does not apply if the probationer or parolee has waived the right to a final revocation hearing.

(3) If there is a failure to begin a hearing within the time requirements under sub. (2), the sheriff, the tribal chief of police or other person in charge of a county facility shall notify the department at least 24 hours before releasing a probationer or parolee under this subsection.

November 1, Jones's counsel stated there would not be a problem if Jones remained in custody until the hearing was continued on November 17 because the hearing had started.

Jones dismissed his attorney after November 1 and refused to attend on November 17. Nevertheless, the hearing took place and the administrative law judge ordered Jones's parole revoked effective November 30. Jones appealed to the administrator of the Division of Hearings and Appeals, who affirmed. Jones filed a writ of certiorari in Dane County Circuit Court, making two claims: (1) the Division of Hearings and Appeals lost jurisdiction to hold a parole revocation hearing because it did not hold the hearing within fifty days of his initial detention, and (2) his due process rights were violated by the failure to hold the hearing within a reasonable time. The trial court agreed with Jones on the first claim and vacated the decision revoking Jones's parole.

Section 302.335(2), STATS., provides in part that "[t]he division shall begin a final revocation hearing within 50 calendar days after the person is detained in the county jail." We reject Jones's contention that the Division of Hearings and Appeals lost authority to hold a hearing after October 28, fifty days from the date he was initially detained. We conclude the fifty-day period for holding a final revocation hearing is directory, not mandatory.

■

Statutory time periods may be directory or mandatory. *State v. Perry*, 181 Wis. 2d 43, 53, 510 N.W.2d 722, 725 (Ct. App. 1993). Generally, a statute prescribing the time within which public officials are required to perform an act is directory, unless the statute denies the exercise of power after such time, or the

nature of the act, or statutory language, shows that the time was intended to be a limitation. *Id.*

Whether a statutory time period is directory or mandatory presents a question of statutory construction and is reviewed independently by the appellate court. *Perry*, 181 Wis. 2d at 53, 510 N.W.2d at 725. The four factors relevant to determining whether a statutory time limit is directory or mandatory are: the objectives sought to be accomplished by the statute, its history, the consequences that would flow from the alternative interpretations, and whether a penalty is imposed for its violation. *Id.* at 53-54, 510 N.W.2d at 726.

Section 302.335, STATS., does not suggest that if a final parole revocation hearing is not held within fifty days of the parolee's initial detention in the county jail, no hearing may be held. It provides in subsec. (3) that if a hearing is not held within that time, the sheriff, tribal chief of police or other person in charge of the facility may release the person after notifying the department at least twenty-four hours before the release. The object of § 302.335 is to regulate the length of time persons are held in county jails pending parole revocation hearings. It does not regulate the authority of the Division of Hearings and Appeals to hold those hearings.[2]

The consequence of Jones's construction of the statute would be that any delay beyond fifty days in beginning the hearing would prevent a revocation of parole. We will not impose this serious consequence in

[2] The parties agree that there is no legislative history that bears on whether the statutory time period is mandatory or directory.

673

the absence of some indication that this is intended by the legislature. We see no such indication.

The consequence of adopting the State's interpretation of the statute is not, as Jones claims, a disregard of his right to due process. Due process requires that Jones have a parole revocation hearing within a reasonable time. *State ex rel. Flowers v. DHSS*, 81 Wis. 2d 376, 396, 260 N.W.2d 727, 738 (1978). This requirement exists even if the time limit in the statute is directory and prevents the indefinite detention Jones claims will result from a directory interpretation.

■

We conclude Jones's right to due process was not violated by beginning the hearing fifty-four days after initial detention instead of within fifty days.[3] In *State ex rel. Flowers*, the court held that a delay of two months in holding a parole revocation hearing was not unreasonable and was not a violation of due process. *Id.* at 396, 260 N.W.2d at 738. Jones does not contend that the statutory fifty-day period violates his due process rights. The addition of four days does not.[4]

*By the Court.*—Order reversed and cause remanded with directions.

---

[3] Jones does not claim that the continuation of the hearing to November 17 violated his right to due process.

[4] Jones argues we should disregard the State's brief and appendix because it was not timely filed. Jones is mistaken. The State was required to file its first brief within forty days of the filing of the record with this court. RULE 809.19(1), STATS. The record was filed on January 6, 1995. The State's brief was due on February 15, but this court granted a one-day extension. The brief was filed on February 16.

SUNDBY, J. (*dissenting*). I conclude that the language of § 302.335, STATS., clearly establishes that the time limits contained therein are mandatory. Statutory time limits may be construed as directory "if necessary to carry out the legislature's clear intent." *In Interest of R.H.*, 147 Wis. 2d 22, 27, 433 N.W.2d 16, 18 (Ct. App. 1988), *aff'd*, 150 Wis. 2d 432, 441 N.W.2d 233 (1989). I conclude from the language of the statute that the "clear intent" of the legislature is that revocation hearings must be held within the prescribed time limits. I therefore dissent.

The title of § 302.335, STATS., assists in determining the legislature's "clear intent." *See Kell v. Raemisch*, 190 Wis. 2d 755, 759, 528 N.W.2d 13, 15 (Ct. App. 1994). The title is: "Restrictions on detaining probationers and parolees in county or tribal jail." The restrictions are not on the probationer or parolee; they are imposed on three entities and persons: (1) the Division of Hearings and Appeals in the Department of Administration; (2) the Department of Corrections; and (3) the sheriff or jailor.

To "restrict" is to "circumscribe," "delimit," "set *or* mark the boundaries," "draw the line," and "set conditions *or* limits." J.I. RODALE, THE SYNONYM FINDER 1030 (1978).

The "restriction" as to the Department of Corrections (department) is that if a probationer or parolee is detained in a county jail, the department shall begin a preliminary revocation hearing within fifteen working days thereafter. The department may extend this deadline, for cause, by not more than five additional working days upon written notice to the probationer or parolee and the sheriff or jailor. Section 302.335(2)(a), STATS. A "directory" construction is not possible when the legislature has prescribed how a time limit may be

extended. The department is not subject to the five-day restriction if the probationer or parolee has either admitted his or her guilt or has had that question resolved against him or her through a preliminary hearing or an adjudication of guilt by a court. *Id.*

There is also a restriction on the Division of Hearings and Appeals in the Department of Administration (division). A preliminary revocation hearing may be held by the department but a final revocation hearing must be conducted by the division. The purpose of requiring the final revocation hearing to be conducted before the division is to separate the adjudicatory function from the prosecutorial function.

The restriction imposed on the division is that it shall begin the hearing within fifty calendar days after the person is detained in the county jail. "The department may request the division to extend this deadline by not more than 10 additional calendar days, upon notice to the probationer or parolee, the sheriff [or jailor], and the division. The division may grant the request." Section 302.335(2)(b), STATS. Again, the legislature has prescribed how the hearing time may be extended.

The final restriction is on the sheriff or jailor. Section 302.335(3), STATS., provides: "If there is a failure to begin a hearing within the time requirements under sub. (2), the sheriff . . . or other person in charge of a county facility shall notify the department at least 24 hours before releasing a probationer or parolee under this subsection." This provision is meaningless if the time limit is merely directory.

Considering these restrictions leads to the conclusion that a final revocation hearing is mandatory except that the department may request the division to

extend the deadline by not more than ten calendar days.

A probationer or parolee has only conditional liberty. However, that liberty cannot be interfered with unless the parolee or probationer has violated a "condition" which entitles the State to deprive that individual of his or her liberty. His or her liberty may not be restrained except pursuant to a due process hearing which satisfies the requirements of § 302.335, STATS.

Finally, the consequence of failure to begin a preliminary or final revocation hearing is that the sheriff must release the probationer or parolee. Section 302.335(3), STATS. Because the consequences of failure to comply with the time requirements under sub. (2) are prescribed, the time restraints for preliminary and final revocation hearings are inconsistent with a construction of § 302.335 as directory. I therefore dissent.