IN RE the COMMITMENT OF Frederick J. BRISSETTE:

STATE of Wisconsin, Petitioner-Respondent.

v.

Frederick J. BRISSETTE, Respondent-Appellant.†

Court of Appeals

*No. 98–2152. Submitted on briefs June 29, 1999.—Decided August 18, 1999.*

(Also reported in 601 N.W.2d 678.)

†Petition to review denied.

· On behalf of the respondent-appellant, the cause was submitted on the brief of *John D. Lubarsky*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

Before Brown, P.J., Nettesheim and Snyder, JJ.

BROWN, P.J.   Frederick J. Brissette appeals from his commitment as a sexually violent person, claiming that the trial court lost competence to proceed when it did not hold a probable cause hearing for him within seventy-two hours of the filing of the sexually

violent person petition. *See* § 980.04(2), STATS. We conclude that the phrase "in custody" in § 980.04(2) means in custody pursuant to ch. 980, STATS. Therefore, because Brissette was in custody pursuant to a prison sentence when the petition was filed, not pursuant to ch. 980, the seventy-two-hour timeline did not apply to him. We affirm.

The facts here are not in dispute. Brissette was convicted of two counts of first-degree sexual assault in 1985 and sentenced to eighteen years in prison. On May 29, 1997, the State filed a petition seeking Brissette's commitment as a sexually violent person. *See* § 980.02, STATS. Brissette's scheduled release date from prison was June 3, 1997. On that date, the trial court found cause to believe Brissette was eligible for commitment under ch. 980, STATS., and ordered him detained. *See* 980.04(1), STATS. The trial court held a hearing on June 5, 1997, to determine if there was probable cause to believe Brissette to be a sexually violent person. *See* § 980.04(2).[1] Brissette objected to the trial court's jurisdiction, pointing out that the court had not held the hearing within seventy-two hours of the filing of the petition as required by § 980.04(2). The trial court determined that "the term 'in custody' [in § 980.04(2)] refers to an order of custody by virtue of a Chapter 980 application and not a custodial situation from a different source." The court vacated its June 3rd

---

[1] Section 980.04(2), STATS., reads:

> Whenever a petition is filed under s. 980.02, the court shall hold a hearing to determine whether there is probable cause to believe that the person named in the petition is a sexually violent person. If the person named in the petition is in custody, the court shall hold the probable cause hearing within 72 hours after the petition is filed . . . . If the person named in the petition is not in custody, the court shall hold the probable cause hearing within a reasonable time after the filing of the petition.

detention order nunc pro tunc and released Brissette. Because Brissette was then no longer in custody pursuant to a ch. 980 detention order, the probable cause hearing only needed to be held "within a reasonable time." Section 980.04(2). The court rescheduled the probable cause hearing for June 16, at which time it found próbable cause to believe Brissette was a sexually violent person and ordered him detained. Ultimately, a jury found Brissette to be a sexually violent person and he was committed to a secure mental health facility. Brissette appeals.

Brissette argues that § 980.04(2), STATS., plainly requires that his probable cause hearing had to be within seventy-two hours of the filing of the petition because he was in custody when it was filed. He claims that the trial court's failure to comply with the statute deprived it of competency to proceed. In support, he points out that time limits in other civil proceedings have been held to be jurisdictional. *See, e.g., Milwaukee County v. Louise M.*, 205 Wis. 2d 162, 172, 555 N.W.2d 807, 810 (1996) (holding that failure to comply with time limit for probable cause hearing for ch. 51, STATS., commitment deprived court of competency to proceed); *Green County Dept. of Human Servs. v. H.N.*, 162 Wis. 2d 635, 641, 469 N.W.2d 845, 847 (1991) (holding that under § 48.365(6), STATS., court lost competency to exercise jurisdiction when there had been no hearing to extend dispositional order within thirty days of prior order). Finally, he contends that the trial court's error was not harmless, as his mandatory release date was June 4, 1997. Had he been released, the State would not have been able to refile the petition because it no longer would have been "within 90 days of discharge or release" as required by § 980.02(2)(ag), STATS.

The State responds that the term "in custody" is ambiguous, citing cases holding that a person may be in custody for one purpose but not for another. For example, a person may be incarcerated but still not considered to be "in custody" so as to be entitled to receive *Miranda*[2] warnings. *See, e.g., United States v. Menzer*, 29 F.3d 1223, 1232 (7th Cir. 1994). Or, in a case where a probationer has been detained for a violation, he or she is not entitled to a probable cause hearing within forty-eight hours on a new charge because the custody was not pursuant to that new charge. *See State v. Martinez*, 198 Wis. 2d 222, 233, 542 N.W.2d 215, 220 (Ct. App. 1995). The State argues that because "in custody" is ambiguous in this context, we must look to the purpose of the seventy-two-hour time limit. Likening the probable cause hearing to a preliminary hearing, the State claims its object is to "provid[e] an *expeditious* means for the discharge of an accused if it does not appear probable that he has committed the crime or crimes for which he is being held." *State v. Horton*, 151 Wis. 2d 250, 256, 445 N.W.2d 46, 49 (Ct. App. 1989). But this "expeditious discharge" is only possible when the person is in custody pursuant to ch. 980, STATS., and thus would be released by a finding of no probable cause. That was not the case here. Finally, the State presents an alternative argument. Should we agree with Brissette that "custody" is unambiguous, we should hold that the statutory time period is directory, not mandatory. This, the State proposes, would comport with the legislative intent to protect the public.

This case turns on the interpretation of § 980.04(2), STATS., which is a question of law we

---

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

review de novo. *See Grosse v. Protective Life Ins. Co.*, 182 Wis. 2d 97, 105, 513 N.W.2d 592, 596 (1994). Whether the statute is ambiguous is also a question of law. *See Petrowsky v. Krause*, 223 Wis. 2d 32, 35, 588 N.W.2d 318, 320 (Ct. App. 1998). Furthermore, a statute, though unambiguous on its face, may be ambiguous when applied to a particular set of facts. *See Roehl v. American Family Mut. Ins. Co.*, 222 Wis. 2d 136, 145, 585 N.W.2d 893, 896 (Ct. App.), *review denied*, 222 Wis. 2d 676, 589 N.W.2d 630 (1998).

We conclude that the phrase "in custody" in § 980.04(2), STATS., could be interpreted by reasonable minds in more than one way and is therefore ambiguous. *See State v. Mentzel*, 218 Wis. 2d 734, 738, 581 N.W.2d 581, 582 (Ct. App. 1998). We thus look to the purpose of the statute to ascertain its meaning. *See id.*

In ascertaining the purpose of the § 980.04(2), STATS., seventy-two-hour time limit, we find *Horton* instructive. There, Horton made an initial appearance on murder charges and bond was set at $100,000. The amount of bail triggered the ten-day time limit for his preliminary hearing under § 970.03(2), STATS. However, in the meantime, Horton made an interlocutory appeal and this court stayed proceedings in the trial court. After Horton's file was remitted in early December, the trial court scheduled a preliminary hearing for January 13. On appeal, Horton claimed this had violated the § 970.03(2) ten-day time limit. We disagreed, holding that by undertaking an interlocutory appeal while in custody, Horton had "subvert[ed] one of the primary purposes of sec. 970.03(2), Stats.: providing an *expeditious* means for the discharge of an accused if it does not appear probable that he has committed the

crime or crimes for which he is being held." *Horton*, 151 Wis. 2d at 256, 445 N.W.2d at 49.

The purpose behind the probable cause hearing in ch. 980, STATS., and the preliminary hearing at issue in *Horton* is the same: both procedures are in place to ensure that people are not held for unreasonably long periods of time where the possibility exists that the State cannot muster even minimal proof in support of the allegations set out in the petition or complaint. There is no need to safeguard against unreasonable intrusions on the person's liberty, however, when he or she is already in custody pursuant to some other sentence. The seventy-two-hour limit in § 980.04(2), STATS., applies when a person has been detained pursuant to ch. 980. Thus, the seventy-two-hour time limit did not begin to run until the trial court ordered Brissette detained under ch. 980. That occurred on June 3, 1997. So, the June 5 probable cause hearing was timely.

That the § 980.04(2), STATS., reference to custody refers only to custody under that chapter is bolstered by the holding of *Martinez*. Martinez was detained on a probation hold after his probation agent found marijuana in his residence. The State later filed a criminal complaint charging Martinez with possession of a controlled substance. Martinez made an initial appearance on the same date that the complaint was filed, but this was one week after he had been detained on the probation hold. Martinez argued that this week-long delay violated the *Riverside*[3] rule, which requires

---

[3] *See County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). The Wisconsin Supreme Court adopted the *Riverside* rule in *State v. Koch*, 175 Wis. 2d 684, 696, 499 N.W.2d 152, 159 (1993).

a judicial determination of probable cause within forty-eight hours of a warrantless arrest. *See Martinez*, 198 Wis. 2d at 233, 542 N.W.2d at 220. This court, however, disagreed. Because Martinez was in custody on a probation hold, the forty-eight hours had not commenced. *See id.* at 233–34, 542 N.W.2d at 220. Just as Brissette's custody pursuant to his non-ch. 980, STATS., sentence does not count for purposes of the § 980.04(2) seventy-two-hour period, Martinez's detention for his probation violation did not start the forty-eight hour *Riverside* limit running.

Because we hold that Brissette's probable cause hearing was timely, his other arguments are rendered moot and we do not address them. *See State v. Bellows*, 218 Wis. 2d 614, 638–39, 582 N.W.2d 53, 64 (Ct. App. 1998).

*By the Court.*—Order affirmed.