IN RE the COMMITMENT OF Kerby G. DENMAN:

STATE of Wisconsin, Petitioner-Respondent,

v.

Kerby G. DENMAN, Respondent-Appellant.†

Court of Appeals

*No. 99–1829. Submitted on briefs December 6, 1999.—Decided March 22, 2001.*

## 2001 WI App 96

(Also reported in 626 N.W.2d 296.)

†Petition to review denied.

15

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Glenn L. Cushing*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Diane M. Welsh*, assistant attorney general.

Before Vergeront and Roggensack, JJ., and William Eich, Reserve Judge.

¶ 1. VERGERONT, J.  Kerby Denman appeals the trial court's judgment determining he is a sexually violent person and ordering commitment under WIS. STAT. ch. 980. Denman argues he is entitled to a new trial because the record does not show he was personally advised that the jury's verdict had to be unanimous before he decided to forgo a jury trial. We conclude a respondent to a ch. 980 petition need not be advised that a jury's verdict must be unanimous in order for the respondent's withdrawal of the request for a jury trial be valid.

¶ 2.  Denman also contends the evidence was insufficient because the State did not prove he was within ninety days of discharge or release as required by WIS. STAT. §§ 980.02(2)(ag) and 980.05(3)(a) (1999–2000).[1]  The resolution of this issue is controlled by *State v. Thiel*, 2000 WI 67, 235 Wis. 2d 823, 612 N.W.2d 94, and *State v. Thiel*, 2001 WI App 52, 241 Wis. 2d 439, 625 N.W.2d 321. Under these cases, Denman is entitled to a remand for the purpose of an evidentiary hearing at which the State will be permitted to attempt to prove beyond a reasonable doubt that

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

Denman was within ninety days of release at the time the petition was filed. We therefore reverse and remand.

*Waiver of Jury Trial*

¶ 3.   Denman was convicted of two counts of first-degree sexual assault of a child in 1988 and 1989 and was sentenced to fourteen years' imprisonment on each count, to be served concurrently in the Wisconsin State Prison. Prior to his release, the State filed on January 13, 1997, a petition under WIS. STAT. ch. 980 alleging Denman was a sexually violent person. The court found probable cause to believe Denman was a sexually violent person as defined in WIS. STAT. § 980.01(7), and the matter was scheduled for a jury trial.[2] After continuances not relevant to this appeal, the matter was tried to the court on April 22, 1999. Just before the trial began, the following interchange took place.

> THE COURT:   All right. I have one housekeeping matter too that I'd like to address first and that deals with the issue of the jury. This matter had originally been scheduled for trial by jury, to start on either Monday or Tuesday of this week. I was advised last week by counsel for Mr. Denman that

---

[2] Although the very first notice of a trial date was of a jury trial, the record contains no request by either Denman, his attorney, or the State for a jury trial. Neither Denman nor the State clarify this point in their briefs on appeal, and we understand both believe it is not significant to their arguments. We read the colloquy quoted above as inconsistent with the State having made the request and deciding to withdraw it and as consistent with Denman or his counsel having made the request and deciding to withdraw it. We therefore assume either Denman or his attorney initially requested a jury trial.

17

he wished to waive the jury for this proceeding. Is that still the case, [counsel]?

[COUNSEL]: Yes, it is, your Honor.

THE COURT: And do you agree with that, Mr. Denman?

MR. DENMAN: Yes, I do, your Honor.

THE COURT: Okay. You understand that under the statutes that apply to this type of proceeding, you have the right to have the jury decide whether or not you are a sexual predator?

MR. DENMAN: Right.

THE COURT: And you agree, apparently, to waive your right to that jury and have that issue decided by the Court, namely myself?

MR. DENMAN: Right.

THE COURT: Has anyone made any threats or promises to you to get you to waive the right to a jury trial?

MR. DENMAN: No, your Honor.

THE COURT: Have you had enough time to discuss that decision with your attorney?

MR. DENMAN: Yes, your Honor.

THE COURT: Is there anything that you don't understand about this aspect of the right to a jury trial and its waiver?

MR. DENMAN: No, your Honor.

THE COURT: And, [counsel], are you satisfied that the waiver has been freely, knowingly and voluntarily given?

[COUNSEL]: Yes, I am, your Honor. We had a chance to talk about this for some time at the Resource Center.

THE COURT: All right. And I believe the State has to waive its right as well.

[STATE]: That's correct, your Honor. Pursuant to 980.05 sub 2, the State does waive its right to a jury trial.

THE COURT: All right, I will accept the waiver of Mr. Denman to the jury then; find that to be free, knowing and voluntary and the matter will then proceed to trial with the Court.

After the trial to the court, the court found Denman was a sexually violent person and ordered him committed under ch. 980.

¶ 4. Denman contends on appeal that his waiver of the right to a jury trial was not valid because the trial court did not advise him that the court could not accept a jury verdict unless the verdict was agreed to by each member of the jury. He reasons that this is a requirement for a valid waiver of the constitutional right to a jury trial in a criminal case under *State v. Resio,* 148 Wis. 2d 687, 436 N.W.2d 603 (1989), and constitutional rights available to a defendant in a criminal proceeding are available to a person subject to a WIS. STAT. ch. 980 proceeding by virtue of WIS. STAT. § 980.05(1m). Subsection (1m) provides:

> At the trial to determine whether the person who is the subject of a petition under s. 980.02 is a sexually violent person, all rules of evidence in criminal actions apply. All constitutional rights available to a defendant in a criminal proceeding are available to the person.

¶ 5. In *Resio,* the supreme court concluded that a criminal defendant's waiver of the constitutional right to a jury trial is valid and effective when the defendant understands that his or her guilt or innocence will be

determined by a single judge rather than a group of twelve persons; knowledge of the unanimity requirement is not constitutionally required. *Resio*, 148 Wis. 2d at 695–96. However, as a matter of judicial administration pursuant to the supreme court's powers under WIS. CONST. art. VII, § 3, the court directed that "circuit court[s] in a criminal case must advise the defendant that the court cannot accept a jury verdict that is not agreed to by each member of the jury." *Resio*, 148 Wis. 2d at 696–97.

¶ 6.   The State responds that because there is a specific subsection, WIS. STAT. § 980.05(2), that provides a different procedure for obtaining a jury trial than that in criminal cases, the legislature did not intend that all the requirements for waiving a jury trial in a criminal case apply in a trial under § 980.05. Section 980.05(2) provides:

> The person who is the subject of the petition, the person's attorney, the department of justice or the district attorney may request that a trial under this section be to a jury of 12. A request for a jury trial under this subsection shall be made within 10 days after the probable cause hearing under s. 980.04. If no request is made, the trial shall be to the court. The person, the person's attorney, or the district attorney or department of justice, whichever is applicable, may withdraw his, her, or its request for a jury trial if the 2 persons who did not make the request consent to the withdrawal.

■

¶ 7.   The resolution of the relationship between WIS. STAT. § 980.05(1m) and (2) presents a question of law, which we review de novo. *See State v. Bernstein*, 231 Wis. 2d 392, 399, 605 N.W.2d 555 (Ct. App. 1999), *review denied*, 233 Wis. 2d 84, 609 N.W.2d 474 (Wis.

Jan. 18, 2000) (No. 98–2259). When we construe a statute, our aim is to ascertain the intent of the legislature, and in doing so we look first to the language of the statute itself. *Id.* If that plainly expresses the legislative intent, we apply the language of the statute to the facts at hand. *State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506 (1997).

¶ 8. In *Bernstein*,[3] we examined the interplay between these same two subsections in the context of a claim that a valid waiver of the right to a jury trial under WIS. STAT. § 980.05(2) requires the respondent to personally waive a trial by jury. The basis for that claim was the same as in this case: because of § 980.05(1m), the standards for a knowing and voluntary waiver of the constitutional right to a jury trial in a criminal case applied.

¶ 9. In *Bernstein*, the State requested a jury trial and then withdrew that request. Bernstein's attorney had previously advised the court that Bernstein did not want a jury trial. When Bernstein and his counsel were both present, the court stated its understanding that Bernstein did not want a jury trial and asked Bernstein several questions relating to his waiver of a jury trial; but Bernstein himself never stated on the record he was waiving his right to a jury trial. We held that because WIS. STAT. § 980.05(2) included a specific provision for the circumstance in which a person wished to withdraw a request for a jury trial, that provision governed the right to a jury trial in a proceeding under WIS. STAT. ch. 980 rather than the more general provision in § 980.05(1m) and rather than the case law

---

[3] *State v. Bernstein*, 231 Wis. 2d 392, 605 N.W.2d 555 (Ct. App. 1999), *review denied*, 233 Wis. 2d 84, 609 N.W.2d 474 (Wis. Jan. 18, 2000) (No. 98–2259), was decided after the initial briefing in this case.

governing the constitutional right of a criminal defendant to a jury trial. *Bernstein*, 231 Wis. 2d at 399–400. Examining the language of § 980.05(2), we concluded that, since there was no express requirement that the respondent's consent to the State's withdrawal of its request for a jury trial be in the form of a statement made personally by the respondent to the court, the legislature did not intend such a requirement, and we held Bernstein had consented. *Bernstein*, 231 Wis. 2d at 400–01.

¶ 10.   More recently in *State v. Thiel*, 2001 WI App 32, ¶ 18, 241 Wis. 2d 465, 626 N.W.2d 26, we have decided that the standards that apply to the waiver of the constitutional right to counsel in a criminal proceeding apply in all WIS. STAT. ch. 980 proceedings in which the respondent is statutorily entitled to counsel. *Thiel* does not conflict with our reasoning or conclusion in *Bernstein*. The subsection providing a right to counsel, WIS. STAT. § 980.03(2)(a), does not contain any specific detail concerning the procedure for requesting or waiving counsel comparable to WIS. STAT. § 980.05(2); thus, there is no plain expression of legislative intent that the standards applicable to a criminal defendant not apply as there is with respect to jury trials. The same is true of the cases that, according to Denman, show we have previously incorporated criminal law principles when construing ch. 980. *See, e.g., State v. Zanelli*, 212 Wis. 2d 358, 569 N.W.2d 301 (Ct. App. 1997), *State v. Keith,* 216 Wis. 2d 61, 573 N.W.2d 888 (Ct. App. 1997), *State v. Castillo,* 205 Wis. 2d 599, 556 N.W.2d 425 (Ct. App. 1996). In none of these cases was there an applicable section expressing legislative intent that criminal law principles not be incorporated in ch. 980 proceedings.

¶ 11. Following *Bernstein*, we look to WIS. STAT. § 980.05(2), rather than the case law governing the waiver of the constitutional right to a jury trial in criminal cases, to determine whether Denman's waiver was valid. Under the plain language of this statute, either the respondent, the respondent's attorney, or the State must request a jury trial within ten days after the probable cause hearing; otherwise the trial is to the court.[4] This is in marked contrast to the statute on the waiver of a jury trial in criminal proceedings, which provides that trial is to a jury unless the defendant waives a jury "in writing or by statement in open court [or] . . . on the record, with the approval of the court and the consent of the state." WIS. STAT. § 972.02(1).[5] There is no comparable provision in § 980.05(2) for a personal waiver by the respondent of the right to a jury trial; and, because under § 908.05(2) the passage of the ten-day time period without a request automatically results in a trial to the court, this statute does not place upon the court the obligation to ascertain that the respondent intended not to request a jury trial before scheduling the matter as a court trial.

¶ 12. Similarly, the provision in WIS. STAT. § 980.05(2) allowing the requesting party to withdraw the request does not impose any requirement other than the consent of the other two persons: it does not require the court to engage in any particular procedure

---

[4] The trial court's order finding probable cause stated that "any request for a jury trial [must] be made within ten days of this probable cause finding pursuant to sec. 908.05(2) WIS. STATS."

[5] *State v. Livingston*, 159 Wis. 2d 561, 569, 464 N.W.2d 839 (1991), held that the acts specified in WIS. STAT. § 972.02(1) that constitute a waiver must be personal acts of the defendants.

to make sure that, when the requesting party informs the court he or she wishes to withdraw the request, it is truly the wish of the party. The absence of express requirements for such a procedure are an indication the legislature did not intend to impose any. *Bernstein*, 231 Wis. 2d at 400–01. We therefore conclude § 980.05(2) does not require that a respondent be advised by the court that a jury verdict must be unanimous in order for the withdrawal of his or her request for a jury trial to be valid.

¶ 13.   Turning to the facts of this case, it is unmistakably clear from the record that Denman knew he was entitled to a trial to the jury, but he wanted to waive that right and have a trial to the court instead. We therefore conclude he is not entitled to a new trial on this ground.

*Proof of Ninety Days from Release*

¶ 14.   The petition filed against Denman alleged he was within ninety days of release, and that his release was scheduled for January 15, 1997. However, the State presented no proof of this in the trial to the court. WISCONSIN STAT. § 980.02(2) requires that the petition contain such an allegation and WIS. STAT. § 980.05(3)(b) provides that the State has the burden of proving the allegations in the petition beyond a reasonable doubt. Denman argues that because the State did not prove this allegation beyond a reasonable doubt, the commitment order must be vacated and the petition dismissed.

¶ 15.   While this appeal was pending, the supreme court decided *Thiel*, 2000 WI 67 at ¶¶ 35–37, in which it held the State must prove beyond a reasonable doubt that the respondent in a WIS. STAT. ch. 980

proceeding is within ninety days of release or discharge. The supreme court did not decide the appropriate remedy, however, and remanded that case to this court to address the issue. *Thiel*, 2000 WI 67 at ¶¶ 35–37. We have done so in a decision released on January 24, 2001, *Thiel*, 2001 WI App 52.[6] We concluded that the rule of statutory construction announced by the supreme court applied retroactively to all detainees under ch. 980 whose direct appeals had not been finalized and who had either asserted in the trial court that the State had failed to prove beyond a reasonable doubt that the individual was within ninety days of release, or, alternatively, who had prominently raised this issue on a direct appeal. *Id.* at ¶ 19. That retroactive application, we concluded, could be achieved without offending the double jeopardy clause by remand for an evidentiary hearing at which the State would be permitted to attempt to prove beyond a reasonable doubt that the detainee was within ninety days of release. *Id.* at ¶ 32.

■

¶ 16.  Following our decision in *Thiel*, 2001 WI App 52, we remand this matter to the trial court for an evidentiary hearing at which the State will have the opportunity to attempt to prove Denman was within ninety days of release.

---

[6] We entered an order putting this appeal on hold pending the supreme court's decision in *State v. Thiel*, 2000 WI 67, 235 Wis. 2d 823, 612 N.W.2d 94. After the supreme court released its decision, we then ordered supplemental briefing in this appeal on the issue of the appropriate remedy. We released our decision in *State v. Thiel*, 2001 WI App 52, 241 Wis. 2d 439, 625 N.W.2d 321, after the supplemental briefing in this case was completed.

*By the Court.*—Order reversed and cause remanded.