In re the Commitment of Deryl B. Beyer:

State of Wisconsin, Petitioner-Respondent,

v.

Deryl B. Beyer, Respondent-Appellant.†

Court of Appeals

*No. 00–0036. Submitted on briefs December 13, 2000.—Decided June 7, 2001.*

2001 WI App 167

(Also reported in 633 N.W.2d 627.)

† Petition to review filed.

13

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Jack E. Schairer*, assistant state public defender of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

Before Dykman, P.J., Vergeront and Lundsten, JJ.

¶ 1. DYKMAN, P.J.   Deryl B. Beyer appeals from a judgment committing him to a secure mental health facility after a jury found that he was a sexually violent person. He argues that, because his probable cause hearing was held after the statutory seventy-two-hour time limit, the trial court lost competence to proceed and the petition for his commitment should have been

16

dismissed. We disagree and conclude that, because the seventy-two-hour time limit is directory, the court did not lose competence.

¶ 2.   Beyer also argues that at trial, the State failed to prove an element essential to a WIS. STAT. ch. 980 commitment:   that the petition was filed within ninety days of his discharge or release. Beyer further argues that double jeopardy prohibitions bar any retrial. The supreme court and this court have recently addressed these issues in *State v. Thiel*, 2000 WI 67, 235 Wis. 2d 823, 612 N.W.2d 94 (*Thiel I*), and *State v. Thiel*, 2001 WI App 52, 241 Wis. 2d 439, 625 N.W.2d 321 (*Thiel II*). In light of those decisions, we conclude that Beyer should receive an evidentiary hearing or trial limited to evidence relating to the ninety-day element. We therefore reverse and remand for that limited purpose.

## I. Background

¶ 3.   Beyer was convicted of first-degree sexual assault in 1981 and sentenced to twenty years in prison. As his release date approached, the State petitioned for his commitment as a sexually violent person under WIS. STAT. ch. 980. Pursuant to WIS. STAT. § 980.04 (1995–96),[1] the trial court ordered that Beyer continue

---

[1] All references to the Wisconsin Statutes are to the 1995–96 version unless otherwise noted. WISCONSIN STAT. § 980.04 states in relevant part:

> (1) Upon the filing of a petition under s. 980.02, the court shall review the petition to determine whether to issue an order for detention of the person who is the subject of the petition. . . . A detention order under this subsection remains in effect until the person is discharged after a trial under s. 980.05 or until the effective date of a commitment order under s. 980.06, whichever is applicable.

to be detained for purposes of the petition and that a probable cause hearing be held within seventy-two hours.

¶ 4.   On the day the hearing was scheduled, October 12, 1998, Beyer filed a request for judicial substitution at approximately 5:00 p.m. A new judge was assigned to the case on October 22, 1998, but the probable cause hearing was not held until December 14, 1998.

¶ 5.   After the hearing, the trial court found probable cause to believe that Beyer was a sexually violent person as defined in WIS. STAT. ch. 980, and the case proceeded to a jury trial pursuant to WIS. STAT. § 980.05. The jury found Beyer to be a sexually violent person, and the trial court entered a judgment ordering him committed to a secure mental health facility. Beyer appeals.

---

(2) Whenever a petition is filed under s. 980.02, the court shall hold a hearing to determine whether there is probable cause to believe that the person named in the petition is a sexually violent person. If the person named in the petition is in custody, the court shall hold the probable cause hearing within 72 hours after the petition is filed, excluding Saturdays, Sundays and legal holidays. If the person named in the petition is not in custody, the court shall hold the probable cause hearing within a reasonable time after the filing of the petition.

## II. Analysis

### A. WIS. STAT. § 980.04(2)
### Seventy-two-hour Time Limit

¶ 6.  Beyer argues that the trial court lost competence to proceed once the seventy-two-hour time limit in WIS. STAT. § 980.04(2) had passed.[2] The State argues that the trial court was competent to rule on Beyer's petition because the seventy-two-hour time limit is directory rather than mandatory. We agree with the State.

¶ 7.  "Whether a statute is mandatory or directory is a matter of statutory construction and, as such, is a question of law which we review without deference to the trial court." *Combined Investigative Servs., Inc. v. Scottsdale Ins. Co.*, 165 Wis. 2d 262, 273, 477 N.W.2d 82 (Ct. App. 1991). Only when a statutory time limit is mandatory does the circuit court generally lose competence to proceed if that time limit is not met. *See Schoenwald v. M.C.*, 146 Wis. 2d 377, 391–92, 432 N.W.2d 588 (Ct. App. 1988); *cf. State v. Kywanda F.*, 200 Wis. 2d 26, 34, 546 N.W.2d 440 (1996).

---

[2] The parties refer to both competence and jurisdiction in their briefs. Subject matter jurisdiction and competence are terms that have been used and defined inconsistently by courts and commentators across the country. *Kett v. Community Credit Plan, Inc.*, 228 Wis. 2d 1, 13 n.12, 596 N.W.2d 786 (1999). The supreme court has stated that no circuit court is without subject matter jurisdiction, and that a circuit court's inability to adjudicate the specific case before it because of a failure to comply with a statutory requirement is more properly termed a loss of competence. *See id.* We therefore refer to competence rather than jurisdiction. As the supreme court has noted, the critical focus is not on the terminology, but on the effect of noncompliance with a statutory requirement. *See id.*

¶ 8.   WISCONSIN STAT. § 980.04(2) explains that if the subject of a WIS. STAT. ch. 980 petition is in custody, "the court *shall* hold the probable cause hearing within 72 hours after the petition is filed . . . ." (Emphasis added.) In deciding the question of whether a given statute's use of the word "shall" is mandatory or directory, we consider the objectives sought to be accomplished by the statute, the statute's history, the consequences that would flow from the alternative interpretations, and whether a penalty is imposed by its violation. *State v. Perry*, 181 Wis. 2d 43, 53–54, 510 N.W.2d 722 (Ct. App. 1993).

¶ 9.   First, we note that the legislature has not indicated any penalty for the State's failure to comply with the seventy-two-hour time limit in WIS. STAT. § 980.04(2). Next we turn to the object and history of the statute. The purpose of a probable cause hearing under § 980.04(2) is to protect sex offenders from being confined improperly for unreasonably long periods of time where the State has no support for its allegations. *State v. Brissette*, 230 Wis. 2d 82, 88, 601 N.W.2d 678 (Ct. App. 1999). However, the purpose of the probable cause hearing must be viewed in light of the overall objectives of WIS. STAT. ch. 980.

¶ 10.   The principal purposes behind WIS. STAT. ch. 980 are (1) the treatment of convicted sex offenders who are at a high risk to reoffend, and (2) the protection of the public from such offenders. *State v. Carpenter*, 197 Wis. 2d 252, 271, 541 N.W.2d 105 (1995); *State v. Post*, 197 Wis. 2d 279, 302, 541 N.W.2d 115 (1995). Were we to conclude that the seventy-two-hour time limit in

Wis. Stat. § 980.04(2) is mandatory, the consequences would undermine these objectives.

¶ 11.  Under Wis. Stat. § 980.02(2), the State has only one ninety-day window of opportunity to petition for commitment. *See Brissette,* 230 Wis. 2d at 85; *see also State v. Thomas,* 2000 WI App 162, ¶ 13, 238 Wis. 2d 216, 617 N.W.2d 230. If the circuit court were to lose competence whenever the seventy-two-hour time limit is not met, in many cases the subjects of Wis. Stat. ch. 980 petitions could avoid that ninety-day window by making last-minute requests for judicial substitution.[3] This would be a particularly likely scenario where the state has not filed a petition early in the ninety-day time window. Many offenders who are otherwise proper candidates for ch. 980 commitment would avoid treatment and remain a danger to the public simply by requesting a judicial substitution. The legislature could not have intended this result, and we therefore conclude that the seventy-two-hour limit in Wis. Stat. § 980.04(2) is directory.

■

¶ 12.  Beyer directs us to case law discussing Wis. Stat. ch. 51 civil commitments and Wis. Stat. ch. 48 termination of parental rights proceedings. He argues that because courts have in some instances construed time limits in ch. 51 and ch. 48 as mandatory, we should do so here. Even to the extent that Beyer is correct in his assertions with regard to ch. 51 and ch. 48 cases, those cases are not necessarily applicable to the question before us. If a petition to commit an individual

---

[3] In *State v. Brown,* 215 Wis. 2d 716, 726–27, 573 N.W.2d 884 (Ct. App. 1997), we concluded that, despite the presence of strict time limits under Wis. Stat. ch. 980, the statutory right to judicial substitution applies in ch. 980 proceedings.

under ch. 51 is untimely, presumably another petition may be brought at a later date. The same can be said for a petition to terminate parental rights. That is not the situation with petitions to commit sex offenders under WIS. STAT. ch. 980, where the State has only one window of opportunity to file. The consequences that flow from a mandatory time limit under ch. 980 are therefore much different from those that flow from such limits under ch. 51 or ch. 48.

█

¶ 13.　Our conclusion that the seventy-two-hour time limit is directory does not mean that trial courts may ignore the time limit, nor does it mean that extending the time limit indefinitely is a matter purely within the trial court's discretion.

█

¶ 14.　In considering the hearing required upon parole revocation, we have previously concluded that where statutory time limits were directory, it is the right to due process that prevents indefinite detention. *See State ex rel. Jones v. Division of Hearings and Appeals*, 195 Wis. 2d 669, 674, 536 N.W.2d 213 (Ct. App. 1995). In *Jones*, we held that when a fifty-day time limit for a hearing had passed, due process required that the subject of revocation have a hearing "within a reasonable time." *Id.* at 672, 674. We now apply the *Jones* rationale here and conclude it is the individual's due process rights that prevent the State from indefinitely delaying the probable cause hearing under WIS. STAT. ch. 980 when the subject of the petition is in custody awaiting the hearing and has made a request for judicial substitution.[4]

---

[4] Beyer refers us to case law in which we have discussed whether there is "good cause" for a delay and insists that this is

¶ 15. We also conclude that the delay in Beyer's case was reasonable within the Due Process Clause. In *Jones*, the defendant was held only four days past the statutory time limit, but that time limit was already fifty days. *Jones*, 195 Wis. 2d at 674. Thus, Beyer was not subject to detention for a period of time significantly different from the defendant in *Jones*.

¶ 16. We caution that the length of delay that we have deemed permissible in Beyer's case will not necessarily be reasonable in all WIS. STAT. ch. 980 cases. Beyer's situation is extraordinary in that he made his request for judicial substitution at the last minute. The trial court found that "the substitution request was filed at approximately 5:00 p.m. on the 12th day of October, 1998, after normal business hours . . . ."

*B. Retroactive Application of Thiel I*

¶ 17. Beyer's remaining arguments involve the proper application of *Thiel I*. In *Thiel I*, the supreme court held that in a WIS. STAT. ch. 980 commitment trial, the State must prove beyond a reasonable doubt that when it filed its commitment petition, the subject of the petition was within ninety days of release or discharge

the appropriate standard. He cites to *State v. April O.*, 2000 WI App 70, 233 Wis. 2d 663, 607 N.W.2d 927, and *State v. Joshua M.W.*, 179 Wis. 2d 335, 507 N.W.2d 141 (Ct. App. 1993). However, *April O.* and *Joshua M.W.* are WIS. STAT. ch. 48 cases that involved a specific statutory section allowing for the continuance of proceedings for good cause and for the tolling of time limits for "[a]ny period of delay caused by the disqualification of a judge." *April O.*, 2000 WI App 70 at ¶ 5, ¶ 8; *Joshua M.W.*, 179 Wis. 2d at 341; *see also* WIS. STAT. § 48.315. Therefore, we do not view *April O.* and *Joshua M.W.* as helpful.

23

from a sentence imposed for a sexually violent offense. *Thiel I*, 2000 WI 67 at ¶ 1, ¶ 26. This holding was based on the court's interpretation of Wis. Stat. §§ 980.02(2) and 980.05(3)(a).[5] *See Thiel I*, 2000 WI 67 at ¶ 21.

¶ 18.  Beyer argues that *Thiel I* is retroactive and applicable to his case. He further argues that the State failed to meet its burden of proof on the ninety-day element, and that the judgment committing him must therefore be reversed. Finally, Beyer argues that the double jeopardy clauses of the state and federal constitutions preclude a retrial.

¶ 19.  We have addressed all of these arguments in *Thiel II*, 2001 WI App 52, and we have since applied *Thiel II* in *State v. Denman*, 2001 WI App 96, ¶¶ 14–16, 243 Wis. 2d 14, 626 N.W.2d 296. We briefly review the relevant portions of those decisions and apply them here.

¶ 20.  In *Thiel II*, 2001 WI App 52 at ¶ 19, we concluded that *Thiel I* would, in some cases, apply retroactively. We explained that *Thiel I* applies to "all cases on direct appeal that have not been finalized as of the date of the release of *Thiel [I]*, June 23, 2000," provided that one of two conditions is met:

---

[5] Wisconsin Stat. § 980.02(2) states, in part:

A petition filed under this section shall allege that all of the following apply to the person alleged to be a sexually violent person:

. . . .

(ag) The person is within 90 days of discharge or release, on parole or otherwise, from a sentence that was imposed for a conviction for a sexually violent offense . . .

Wisconsin Stat. § 980.05(3)(a) states:

At a trial on a petition under this chapter, the petitioner has the burden of proving the allegations in the petition beyond a reasonable doubt.

> [A] challenge to the sufficiency of the evidence specifically citing to the failure of the State to prove beyond a reasonable doubt that the individual was within ninety days of release must have been made in the trial court. In the alternative, a challenge to the sufficiency of the evidence or lack of evidence—the State's failure to prove beyond a reasonable doubt—that the individual was within ninety days of release must have been prominently raised in a direct appeal.

*Thiel II*, 2001 WI App 52 at ¶ 19. Because Beyer has brought this direct appeal from the judgment committing him and has clearly raised the ninety-day issue in his appellate briefs, he is entitled to the benefit of *Thiel I*.[6]

¶ 21.    In *Thiel II*, we also concluded that a reversal with a remand to the trial court, limited to providing the State the opportunity to present evidence regarding the ninety-day element, would not violate double jeopardy prohibitions.[7] *Thiel II*, 2001 WI App 52 at ¶ 30; *see also Denman*, 2001 WI App 96 at ¶ 15.

---

[6] Our decision in *Thiel II* disposes of the State's argument that, by approving the standard jury instruction and by failing to challenge the sufficiency of the evidence in the trial court, Beyer waived his right to challenge the State's failure to prove the ninety-day element.

[7] In *Thiel II*, our discussion was limited to the Double Jeopardy Clause of the United States Constitution, whereas Beyer invokes the double jeopardy provisions of the Wisconsin Constitution as well. However, our supreme court has explained that the Double Jeopardy Clauses of the federal and state constitutions are the same in scope and purpose, and Wisconsin courts accept decisions of the United States Supreme Court as controlling the double jeopardy provisions of both constitutions. *State v. Anderson*, 219 Wis. 2d 739, 746 n.7, 580 N.W.2d 329 (1998).

¶ 22. In *Denman*, another Wis. Stat. ch. 980 case where the defendant argued on appeal that the State did not prove the ninety-day element beyond a reasonable doubt, we again applied *Thiel I* retroactively and remanded for an evidentiary hearing according to *Thiel II*. *Denman*, 2001 WI App 96 at ¶¶ 14–16.

■■■

¶ 23. Together, *Thiel II* and *Denman* suggest that a remand is usually the proper course for this court when faced with Wis. Stat. ch. 980 cases presenting a *Thiel I* retroactivity issue, but the State argues that there is sufficient evidence in the record before us to conclude beyond a reasonable doubt that Beyer was within ninety days of release when the petition was filed. We have reviewed the evidence to which the State refers, and we acknowledge that Beyer's case may not present the same degree of factual inconsistency as *Thiel I*. But we are not a fact-finding court, and Beyer and the State dispute a date that is crucial to an analysis of whether the State satisfied the ninety-day element. We therefore remand rather than attempt to decide whether the State has met its burden. On remand, the trial court will be able to conduct a trial or evidentiary hearing at which the State may attempt to prove beyond a reasonable doubt that it filed the commitment petition within ninety days of Beyer's release. *See Thiel II*, 2001 WI App 52 at ¶¶ 31–32.

*By the Court.*—Judgment reversed and cause remanded with directions.