**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2010[*]
Decided May 13, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2869

| | |
|---|---|
| RANDALL ARTHUR RADUNZ, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 09-cv-217-slc |
| | |
| EVERETT MUHLHAUSEN, et al., | Barbara B. Crabb, |
| *Defendants-Appellees*. | *Judge*. |

### O R D E R

Randall Radunz, a former Wisconsin inmate, claims in this lawsuit under 42 U.S.C. § 1983 that the sheriff of Pierce County, Wisconsin, and three of the sheriff's subordinates jailed him unlawfully on a motion to revoke his probation and then denied him necessary

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

medical care while he was in their custody. The district court dismissed the suit on the ground that the complaint fails to state a claim that these defendants violated Radunz's rights under the Eighth and Fourteenth Amendments. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); FED. R. CIV. P. 8(a); *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). We agree.

In May 2003, while Radunz was on probation for a weapons offense, he became a suspect in a homicide investigation. His probation officer, a state employee, arranged for Radunz to be taken into custody when that investigation uncovered drugs and weapons on his property. Radunz was held in the Pierce County jail while awaiting the revocation proceedings, and after 69 days a state administrative law judge revoked his probation and sentenced him to a two-year prison term.

Radunz's operative complaint — his third try after the district court rejected the first two as inadequate under Federal Rule of Civil Procedure 8—focuses on two aspects of the time he spent in the county jail before his revocation hearing. First, he complains that he was held too long in the county facility while awaiting his hearing and that he should have been released while the revocation matter was pending. Second, he claims that the medical care he received at the jail was inadequate. In June 2003, he explains, he notified an unidentified guard that he was feeling "real bad," but no one came to investigate despite the guard's promise to relay the message. Two days later, Radunz continues, he "lost his balance and fell backwards" as he was standing up to take an unspecified medication. He hit his head, and when he regained consciousness, he told a sergeant that he could not feel his hands. He also says that the defendants knew "he had been a diabetic for some 25 years" but ignored requests for medical attention, yet other than alleging that he was refused extra blankets, he in fact admits in his complaint that his diabetes was treated by diet and medication and monitored by two blood-sugar checks a day. And that's all the complaint reveals about the medical care Radunz received while in jail. He adds that he required surgery on his back and neck more than a year later, but he does not allege that the surgery was linked to the fall.

In dismissing the lawsuit, the district court reasoned that Radunz had failed to allege that the named defendants had any role in his probation revocation or that they were deliberately indifferent to his medical needs. We review the district court's decision de novo and assume the facts in Radunz's complaint to be true. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 820-821 (7th Cir. 2009). Because the complaint, even when viewed in the most favorable light, fails to give the defendants notice of a claim that is "plausible on its face," we affirm the decision of the district court. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

        The nature of Radunz's argument regarding his detention is difficult to pin down.  If his theory is that he was prejudiced by the lapse of time before his hearing, then his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because he never successfully challenged the validity of his probation revocation.  *See, e.g., Johnson v. Litscher*, 260 F.3d 826, 831 (7th Cir. 2001).  On the other hand, if Radunz instead argues that he was held beyond the time normally allowed under Wisconsin law for a probationer to be held in a *county* jail pending revocation, *see* WIS. STAT. § 302.335(2)(b), (3); *State ex rel. Jones v. Div. Adm'r, Wis. Div. of Hearings & Appeals*, 536 N.W.2d 213, 214 (Wis. Ct. App. 1995), then the claim fails because § 1983 applies only to violations of federal law.  *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006).

        But more fundamentally, Radunz's complaint fails to link the named defendants to the timing of his revocation proceedings.  The state of Wisconsin scheduled the revocation proceedings and an administrative law judge ultimately decided to revoke his probation, and Radunz does not allege that the defendants did, or even could have, affected those proceedings.  A plaintiff cannot recover under § 1983 without establishing that the defendants were personally involved in the alleged constitutional violation, *see Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009); *Johnson v. Snyder,* 444 F.3d 579, 583 (7th Cir. 2006)**,** and thus the district court correctly concluded that he failed to state a due-process violation.

        Regarding the claim of deliberate indifference, Radunz pleaded himself out of court by alleging facts which rule out his contention that his medical issues were ignored.  *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007).  To prevail on an Eighth Amendment claim for the denial of medical care, a prisoner must establish that the defendants were intentionally or recklessly indifferent to an objectively serious medical condition.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).  But Radunz identifies only two medical issues, the fall and his diabetes, and his description of the way jailers responded to those conditions belies a characterization of deliberate indifference.  Radunz admits being hospitalized immediately after he fell and struck his head, and he also acknowledges that he received regular medication, blood-sugar checks, and a special diet in response to his diabetes.  These admissions make it clear that, rather than being ignored, Radunz received prompt and adequate medical treatment.  *See, e.g., Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).

                                                                                                         AFFIRMED.