IN RE the COMMITMENT OF Dennis R. THIEL:

STATE of Wisconsin, Plaintiff-Respondent,

v.

Dennis R. THIEL, Respondent-Appellant.

Supreme Court

*No. 99–0316. Oral argument May 31, 2000.—Decided June 23, 2000.*

2000 WI 67

(Also reported in 612 N.W.2d 94.)

For the respondent-appellant there were briefs and oral argument by *John D. Lubarsky*, assistant state public defender.

For the petitioner-respondent the cause was argued by *Sally L. Wellman*, assistant attorney general, with whom on the brief was *Diane M. Welsh*, assistant attorney general, and *James E. Doyle*, attorney general.

¶ 1. ANN WALSH BRADLEY, J.   This case is before the court on certification from the court of appeals.[1] The defendant, Dennis R. Thiel, challenges his commitment as a sexually violent person under Wis. Stat. § 980.06 (1997–98)[2] and asserts that the State of Wisconsin failed to satisfy its burden of proving beyond a reasonable doubt that its petition for commitment was filed within 90 days of Thiel's release date. We determine that in a commitment trial pursuant to Wis. Stat. ch. 980, the State must prove beyond a

---

[1] Pursuant to Wis. Stat. § (Rule) 809.61 (1997–98), the court of appeals certified an appeal of an order of the Circuit Court for Fond du Lac County, Peter L. Grimm, J., committing the defendant to the Wisconsin Department of Health and Family Services as a sexually violent person.

[2] All future references to the Wisconsin Statutes are to the 1997–98 volumes unless otherwise indicated.

reasonable doubt that the subject of the petition is within 90 days of release or discharge from a sentence imposed on the basis of a sexually violent offense. Because the evidence on the record does not provide proof beyond a reasonable doubt that the State filed its petition within 90 days of Thiel's release, we reverse the circuit court and remand to the court of appeals to determine the appropriate remedy.

¶ 2. On June 23, 1997, the State filed a petition in circuit court seeking an order to detain Thiel as a "sexually violent person" under Wis. Stat. § 980.01(7). In support of its petition, the State alleged that: 1) Thiel had been convicted of three sexually violent offenses; 2) he is scheduled to be released on June 24, 1997 from the sentence imposed for the convicted offenses; 3) Thiel suffers from two mental disorders, namely pedophilia and anti-social personality disorder; and 4) these disorders predispose him to engage in acts of sexual violence.

¶ 3. Additionally, the petition set forth numerous facts to establish probable cause to believe that Thiel is a sexually violent person, including statements and the diagnosis of a clinical psychologist who had evaluated him. Upon reviewing the petition, the circuit court found cause to believe that Thiel meets the criteria of a sexually violent person and is eligible for commitment under Wis. Stat. § 980.05(5). The court then ordered his detention and scheduled a hearing to determine whether there is probable cause to believe that Thiel is a sexually violent person. Wis. Stat. § 980.04(2).

¶ 4. On the following day, June 24, 1997, the circuit court held a hearing and found probable cause to believe that Thiel is a sexually violent person within the meaning of Wis. Stat. § 980.01(7). The court ordered that he remain in custody during the pendency

826

of the proceedings at any facility approved by the Department of Health and Family Services (DHFS) and further ordered that DHFS conduct an evaluation of Thiel.

¶ 5.  A bench trial on the commitment petition was held on August 6, 1997, during which the circuit court accepted testimony from several psychologists on their assessments of Thiel's mental condition. Thiel testified as to his efforts to seek treatment. The State offered numerous exhibits in support of its petition, including various reports and risk assessments by those who had evaluated Thiel.

¶ 6.  Although the State apparently did not attempt to prove that the commitment petition was filed within 90 days of Thiel's release, several of the documents received into evidence reference a mandatory release (MR) date. A number of these exhibits note Thiel's MR date as June 1997. One particular document specifies the release date as June 29, 1997. However, other documents indicate the MR date as March 19, 1997. Thiel did not challenge the admission of these exhibits into evidence.

¶ 7.  At the conclusion of the bench trial, the court rendered findings that the State had proven beyond a reasonable doubt that: 1) Thiel had been convicted of a sexually violent offense; 2) he had a mental disorder, namely pedophilia; and 3) Thiel is dangerous to others because his mental disorder creates a substantial probability that he will engage in acts of sexual violence. However, the court failed to make an explicit finding that the State's petition was filed within 90 days of Thiel's release.

¶ 8.  As a result of its findings, the circuit court adjudged Thiel a sexually violent person and ordered him committed to the custody of DHFS. The court

entered the final order of commitment on November 6, 1998.

¶ 9. Thiel appealed, asserting that the commitment order should be vacated because the State had failed to prove beyond a reasonable doubt that its commitment petition was filed within 90 days of his release. Subsequently, the court of appeals certified to this court the question of whether the State must affirmatively prove that the subject of a Wis. Stat. ch. 980 commitment petition is within 90 days of release or discharge.

■

¶ 10. The certified question before this court requires us to examine Wis. Stat. ch. 980. Statutory interpretation presents a question of law that we review independently of the legal conclusions of the circuit court or the court of appeals. *State v. Sprosty*, 227 Wis. 2d 316, 323, 595 N.W.2d 692 (1999). The goal of statutory interpretation is to discern and give effect to the legislative intent. *Id.* We examine first the statutory language to identify the intent of the legislature. *State v. Curiel*, 227 Wis. 2d 389, 404, 597 N.W.2d 697 (1999). If the language of the statute clearly and unambiguously sets forth the legislative intent, we need not look beyond the language to determine the meaning of the statute. *Id.*

¶ 11. Wisconsin Stat. § 980.02(2) governs the contents of a petition seeking to commit a person as sexually violent. The statute provides in relevant part:

> (2) A petition filed under this section **shall** allege that **all of the following** apply to the person alleged to be a sexually violent person:
> (a) The person satisfies any of the following criteria:

1. The person has been convicted of a sexually violent offense.

. . .

(ag) **The person is within 90 days of discharge or release**, on parole, extended supervision or otherwise, from a sentence that was imposed for a conviction for a sexually violent offense, from a secured correctional facility, as defined in s. 938.02(15m). . . .

(b) The person has a mental disorder.

(c) The person is dangerous to others because the person's mental disorder creates a substantial probability that he or she will engage in acts of sexual violence (emphasis added).

In addition, Wis. Stat. § 980.05(3)(a) states that "[a]t a trial on a petition under [chapter 980], the petitioner has the burden of proving the allegations in the petition beyond a reasonable doubt."

¶ 12.   Thiel contends that read together, Wis. Stat. §§ 980.02(2) and 980.05(3)(a) unambiguously set forth the State's burden to prove beyond a reasonable doubt that the petition was filed within 90 days of his release. The 90-day requirement represents an essential predicate to a finding that the subject of a commitment petition under ch. 980 is a sexually violent person. Because the circuit court failed to render a finding that the State had met its burden of proof as to this essential allegation, Thiel asserts that the order of commitment should be vacated.

¶ 13.   Disputing Thiel's statutory interpretation, the State maintains that the language of Wis. Stat. §§ 980.02(2) and 980.05(3)(a) creates an ambiguity that must be resolved by resort to the entire statutory scheme of ch. 980. The State claims that Section 980.02(2) contains two types of allegations, those that

are substantive in nature and the 90-day requirement, which is procedural in nature.

¶ 14. Another statutory section upon which the State relies provides that a petition may include factual statements to establish probable cause to believe that the subject of the commitment petition is a sexually violent person. Wis. Stat. § 980.02(3).[3] Thus, the State asserts that a petition under Section 980.02(2) essentially includes three types of allegations: substantive, procedural, and factual.

¶ 15. Although Wis. Stat. § 980.05(3)(a) requires a petitioner to prove the allegations in the commitment petition, the State argues that the statute is ambiguous because it leaves unanswered exactly which allegations the legislature intended to be proven. This ambiguity may be resolved only by an examination of the entire chapter and the purposes underlying the commitment of sexually violent persons.

¶ 16. According to the State, the twin objectives underlying ch. 980 are the protection of the public and the treatment of high risk sex offenders to reduce the likelihood of future sexual misconduct. *State v. Carpenter*, 197 Wis. 2d 252, 271, 541 N.W.2d 105 (1995). To further these objectives in detaining sexually violent persons, the State is required to prove only the substantive criteria defining one as sexually violent. These criteria include whether the person has been convicted of a sexually violent offense and whether the person

---

[3] Wisconsin Stat. § 980.02(3) provides:

(3) A petition filed under this section shall state with particularity essential facts to establish probable cause to believe the person is a sexually violent person. If the petition alleges that a sexually violent offense or act that is a basis for the allegation under sub. (2)(a) was an act that was sexually motivated as provided under s. 980.01(6)(b), the petition shall state the grounds on which the offense or act is alleged to be sexually motivated.

suffers from a mental disorder that would render that person dangerous if released to the public. Wis. Stat. § 980.02(2)(a), (b), and (c).

¶ 17. In contrast, the State submits that the 90-day requirement under subsection (ag) represents a pleading requirement that does not promote the objectives of ch. 980 or help define a sexually violent person. Rather, as a procedural allegation identifying the time when the commitment petition should be filed, it is deemed waived if the subject of the petition fails to object.

¶ 18. In an attempt to resolve the conflicting interpretations and to discern the intent of the legislature, we begin our analysis with an examination of the language of Wis. Stat. §§ 980.02(2) and 980.05(3)(a). A petition seeking to commit a person as sexually violent must contain four distinct allegations, including that the petition has been filed within 90 days of the person's release from a sentence or confinement arising from a sexually violent offense. Wis. Stat. § 980.02(2); *State v. Post*, 197 Wis. 2d 279, 297–98, 541 N.W.2d 115 (1995). At trial, the State "has the burden of proving the allegations in the petition beyond a reasonable doubt." Wis. Stat. § 980.05(3)(a).

¶ 19. A reading of the statutory language leads us to the inescapable conclusion that the legislature intended the State to prove its fulfillment of the 90-day requirement beyond a reasonable doubt before a person may be adjudged sexually violent. The words of the statutes clearly and unambiguously set forth the State's burden in proving this specific allegation.

¶ 20. In light of the unambiguous words of the statutes, we are not persuaded by the State's argument that the legislature intended to create distinct categories of allegations, reserving one particular category for

the requirement of proof beyond a reasonable doubt. Wisconsin Stat. § 980.02(2) specifies all of the allegations that must be contained in a petition. Although Wis. Stat. § 980.02(3) allows the petitioner to supplement the petition with facts to support the specific allegations listed under Section 980.02(2), these supplemental facts are not categorized as "allegations," as the State asserts.

¶ 21. Rather, these particular facts serve merely to buttress the allegations that must be set forth under Section 980.02(2) and to establish probable cause to believe that the person named in the petition is a sexually violent person. Thus, contrary to the State's contention, Wis. Stat. §§ 980.02(2) and 980.05(3)(a) do not create any ambiguity. Instead, the statutes unambiguously require the State to prove that its commitment petition has been filed within 90 days of the subject's release.

¶ 22. Legislative history supports our interpretation. An analysis by the Legislative Reference Bureau confirms that "[t]he [S]tate must prove each of the 4 allegations in the petition beyond a reasonable doubt." LRB Drafting File for 1993 Wis. Act 479, Analysis of Assembly Bill 3, at 3. *See also Appleton Post-Crescent v. Janssen*, 149 Wis. 2d 294, 301, 441 N.W.2d 255 (Ct. App. 1989) (LRB analysis indicative of legislative intent).

¶ 23. Furthermore, this court has recently noted the State's requirements of proof at a commitment trial. *See State v. Kienitz*, 227 Wis. 2d 423, 429 n.6, 597 N.W.2d 712 (1999); *Curiel*, 227 Wis. 2d at 396 n.4. In *Kienitz*, we observed that "[i]n a commitment trial, the State has the burden of proving beyond a reasonable doubt that the person. . .(2) is within 90 days of release from a sentence, commitment, or secured correctional

facility arising from a sexually violent offense." 227 Wis. 2d at 429 n.6.

¶ 24.   We also observed in *Curiel* that "the State has the burden of proving beyond a reasonable doubt all of the allegations in the petition for commitment." 227 Wis. 2d at 396 n.4. This petition "must allege that the person. . .(2) is within 90 days of release from a sentence, commitment, or secured correctional facility arising from a sexually violent offense." *Id.* (quoting *Post*, 197 Wis. 2d at 297–98).

¶ 25.   The State posits that the above-quoted footnotes contained in *Kienitz* and *Curiel* are merely dicta because they are not essential to the holdings in those cases. We need not engage in an analysis of whether the footnotes constitute dicta because we determine that the observations in *Kienitz* and *Curiel* represent correct statements of law, accurately reflecting the legislative intent as established by the words of Wis. Stat. §§ 980.02(2) and 980.05(3)(a).[4]

¶ 26.   Having determined that at trial on a commitment petition, the State must prove beyond a reasonable doubt that it filed its petition within 90 days of the subject's release or discharge, we turn now

---

[4] The State offers the comments of the Jury Instructions Committee:

> Subsection (2)(ag) of § 980.02 requires that the petition further allege that the person is within 90 days of discharge or release from a sentence imposed for the sexually violent offense. The Committee concluded that this fact need not be submitted to the jury, though it certainly must be established before the trial can go forward.

Wis JI-Criminal 2502 at 5 n.1. The State interprets the comments to mean that the 90-day allegation serves only as a pleading requirement, not as a substantive allegation requiring proof beyond a reasonable doubt.

to determine whether the State satisfied its burden in this case. We will affirm the order of commitment if the trial record reflects that the petition was filed within 90 days of Thiel's MR date, notwithstanding the circuit court's failure to make a specific finding to that effect.

¶ 27.    The State claims that the record contains sufficient proof of its compliance with the 90-day requirement. Regardless of the proof, the State maintains that Thiel's failure to raise objections at trial constituted a waiver of the argument he now raises on appeal.

■

¶ 28.    We note at the outset that the subject of a commitment petition under ch. 980 is not required to voice an objection to the allegations contained in the petition. A ch. 980 proceeding affords the subject of a commitment petition neither the opportunity nor the obligation to file an answer or raise affirmative defenses to the allegations contained in the petition. Thus, Thiel's failure to object to the admission of exhibits does not relieve the State of its statutorily defined burden to prove that its petition was filed within 90 days of his release.

¶ 29.    Our examination of the record at trial and the evidence relied upon by the State reveals inconsistencies in the MR dates set forth in several documents admitted as exhibits. An information and interview request form filed by Thiel provides an MR date that is handwritten as June 1997. In another exhibit, a letter addressed to the Fond du Lac Probation and Parole office, Thiel opines: "I have only 8 months from October 96 until my MR." Both the request form and the letter indicate a release date some time in June 1997 without referring to a particular date.

834

¶ 30.   Because these documents do not mention a specific date in June, it is plausible that Thiel's actual MR date may have been *any* date in June. Thus, although they could establish beyond a reasonable doubt that a May 31, 1997 commitment petition complied with the 90-day requirement, these particular exhibits do not establish that the State's petition on June 23, 1997 was properly filed.

¶ 31.   Other evidence in the trial record likewise does not assist in proving that the State fulfilled the statutory 90-day requirement. The examination report prepared by a clinical psychologist who had evaluated Thiel states that "[Thiel] reached his mandatory release date on that sentence in June 1997, and at that time a petition was filed for commitment under Chapter 980." The report subsequently notes that "[a]fter reaching his mandatory release date," Thiel was admitted to the Mendota Mental Health Institute "on June 26, 1997." This report is not free of ambiguity because we are still left to wonder whether Thiel's MR date predated the June 23, 1997 date of the commitment petition.

¶ 32.   A Sex Offender Report received into evidence and prepared by the Department of Corrections specifies Thiel's MR date as June 29, 1997. This report, coupled with the references to June 1997 release dates, may have dispelled our doubts as to the timeliness of the State's commitment petition were it not for conflicting institutional documents implying a March 1997 release date.

¶ 33.   The two problematic documents from the Dodge Correctional Institution specify Thiel's MR date as March 19, 1997. Attempting to dismiss the significance of these exhibits, the State contends that Thiel's

own trial testimony clarifies the discrepancy in the dates:

Q: Was there a problem originally with credit and sentence credit or something like that?

A: Yes. There was a three month–or 180 day error, I believe.

We are not convinced by the State's argument because Thiel's testimony fails to reconcile the discrepancy in favor of a June MR date. Rather, the testimony creates further ambiguity by suggesting a potential September release date.

■

¶ 34. Under the mistaken assumption that it need not prove that its commitment petition was filed within 90 days of Thiel's release, the State understandably offered no direct proof at trial on this particular allegation. No testimony or evidence at trial established the date of the filing of the petition. Additionally, as we have noted, the exhibits admitted at trial create ambiguity as to Thiel's actual MR date. Considering the absence of testimony on the filing date, as well as the presence of ambiguity relating to the MR date, we are unable to conclude beyond a reasonable doubt that the State filed its commitment petition within 90 days of Thiel's release.

¶ 35. Having determined that the trial record in this case does not establish beyond a reasonable doubt that the State filed its commitment petition within 90 days of Thiel's release, we are left now to consider the issue of an appropriate remedy. In response to a question at oral argument regarding remedies, the State referenced several remedy issues, none of which have been briefed or argued before this court.

¶ 36. These issues include whether our decision should have retroactive or prospective application, and whether a decision affects only the "pipeline" cases on direct appeal or also reaches to cases on collateral review. Another remedy concern referenced by the State is whether the court may remand the narrow issue involving proof of the 90-day requirement, as is done in other civil cases with respect to specific issues such as the appropriate measure of damages. As the State notes, concerns of claim preclusion or double jeopardy may also arise.

¶ 37. In light of the significant remedy issues, we hesitate to decide the question of appropriate remedy without affording the parties an opportunity to address adequately the above and other remedy issues. Rather, we believe the more prudent course is to remand the cause to the court of appeals and direct the court to address the issue of the appropriate remedy.

¶ 38. In sum, we determine that in a trial on a commitment petition filed under Wis. Stat. § 980.02(2), the State bears the burden to prove beyond a reasonable doubt that the petition was filed within 90 days of the subject's release or discharge from a sentence based on a sexually violent offense. We further determine that the trial record does not establish beyond a reasonable doubt that the State filed its commitment petition within 90 days of Thiel's release. Accordingly, we reverse the circuit court and remand to the court of appeals to determine the appropriate remedy.

*By The Court.*—The order of the circuit court is reversed and the cause is remanded to the court of appeals.

¶ 39.   DAVID T. PROSSER, J., did not partici-
pate.