IN RE the COMMITMENT OF Dennis R. THIEL:

STATE of Wisconsin, Petitioner-Respondent,

v.

Dennis R. THIEL, Respondent-Appellant.†

Court of Appeals

*No. 03–2098. Submitted on briefs May 17, 2004.—Decided June 16, 2004.*

2004 WI App 140

(Also reported in 685 N.W.2d 890.)

† Petition to review denied 9-1-04.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Suzanne L. Hagopian*, assistant state public defender of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and Sally Wellman, assistant attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

¶ 1. BROWN, J. Dennis R. Thiel appeals from an order denying his petition for discharge from involuntary commitment pursuant to WIS. STAT. § 980.09(2) (2001–02).[1] Thiel contends that because he submitted an examiner's report recommending that the court grant him supervised release at his § 980.09(2) probable cause hearing, he established probable cause to believe that he is no longer a "sexually violent person" and a full evidentiary hearing on the issue is warranted. We hold that the question of whether an individual continues to be a "sexually violent person" is answered without reference to any specific restrictions, supervision or time frame and, therefore, probable cause to believe a person is no longer a "sexually violent person" is not satisfied by a recommendation of supervised release. We further conclude that the facts presented at the probable cause hearing do not otherwise establish that Thiel is no longer a "sexually violent person." We also hold that WIS. STAT. § 808.08(3), which places the duty on the parties to initiate further proceedings in the circuit court after remand, did not violate Thiel's due process right to a timely probable cause hearing. We affirm.

¶ 2. In 1998, the circuit court adjudged Thiel a sexually violent person and ordered him committed pursuant to WIS. STAT. ch. 980. Thiel's condition was reexamined six months later, as required by WIS. STAT. § 980.07(1). Thiel's examiners concluded that he remained a sexually violent person and recommended continued confinement in a secure mental health facility. Thiel did not affirmatively waive the right to petition the

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

court for discharge without the approval of the secretary of the Department of Health and Human Services. Consequently, the circuit court, pursuant to Wis. Stat. § 980.09(2), held a probable cause hearing to determine if the facts warranted a full evidentiary hearing on whether Thiel was still a sexually violent person. After considering the report submitted by Thiel's examiners, the court concluded that there were insufficient facts to warrant a full evidentiary hearing. The court also denied Thiel's request for a second, independent examination pursuant to § 980.07. Thiel appealed.

¶ 3. On appeal, we held that Thiel was entitled to the appointment of an expert to conduct a second, independent examination pursuant to Wis. Stat. § 980.07 and that the circuit court failed to conduct a proper waiver of counsel colloquy. *State v. Thiel*, 2001 WI App 32, ¶ 1, 241 Wis. 2d 465, 626 N.W.2d 26. We reversed the circuit court's order denying Thiel's petition for discharge and remanded the matter to the circuit court. *Id.*, ¶ 1.

¶ 4. The remittitur was issued on February 28, 2001, and filed in the circuit court, along with the appeal record, on March 2. On December 27, 2001, Thiel, who was unrepresented in the matter, wrote to the circuit court inquiring about the status of the discharge hearing. Thiel noted that neither an attorney nor an independent examiner had been appointed. Thiel acknowledged that he was being represented by counsel on a petition for supervised release, an action that the circuit court had stayed pending appeal.[2] Thiel

---

[2] In a separate appeal, Thiel asserted that the original commitment order should be vacated because the State had failed to prove beyond a reasonable doubt that its commitment petition was filed within ninety days of his release. *State v.*

asked the court to appoint counsel for the discharge hearing, stated that he did not want it consolidated with the supervised release petition and noted that he would seek appointment of an examiner once counsel was appointed.

¶ 5. In the circuit court's response dated February 5, 2002, the court confirmed Thiel's understanding of the status of his petition for supervised release, but expressed confusion about the discharge hearing:

> I have further reviewed the court file regarding this issue. The file shows that on October 19, 1999, the Court entered an Order denying petition for review regarding the discharge issue . . . . Thus, I write seeking clarification of what you mean when you wrote that you were "looking to proceed with the Discharge hearing hence the ruling of the Appeals Court."
>
> No further court action will be taken until further correspondence or request is made from you.

On February 7, 2002, Thiel sent a copy of our decision to the circuit court, noting that the case was remanded

---

*Thiel*, 2000 WI 67, ¶ 9, 235 Wis. 2d 823, 612 N.W.2d 94. The supreme court ruled that in a commitment trial pursuant to WIS. STAT. ch. 980, the State must prove beyond a reasonable doubt that the subject of the petition is within ninety days of release or discharge from a sentence imposed on the basis of a sexually violent offense. *Thiel,* 235 Wis. 2d 823, ¶ 1. Because the evidence in the record did not provide proof beyond a reasonable doubt that the State filed its petition within ninety days of Thiel's release, the supreme court reversed the circuit court and remanded the case to the court of appeals to determine the appropriate remedy. *Id.* We, in turn, remanded the case to the circuit court for an evidentiary hearing at which the State would be permitted to prove that Thiel was within ninety days of release when the commitment petition was filed. *State v. Thiel*, 2001 WI App 52, ¶ 32, 241 Wis. 2d 439, 625 N.W.2d 321.

"to your court for a determination of the validity of my waiver of the right to counsel and my request for appointment of an expert" and again asking for the court to appoint counsel.

¶ 6. The court and parties exchanged several more letters concerning the appointment of counsel. On March 10, 2002, Thiel asked that the court suspend action for thirty days because of discussions between the parties regarding his petition for supervised release. On May 21, 2002, Thiel asked the court to continue the appointment process. Shortly thereafter, the court appointed an attorney to represent Thiel at the probable cause hearing. Subsequently, the court appointed Dr. Michael Kotkin to serve as the independent examiner. Dr. Kotkin filed his report on February 21, 2003. With the parties' agreement, the court set the probable cause hearing for May 13.

¶ 7. Three periodic reexaminations had been completed since the original probable cause hearing: two reports by Dr. Donald Hands dated February 15, 2001, and March 23, 2002, and a report by Dr. Susan Sachsenmaier dated March 20, 2003. The State asked the court to consider all three of those reports at the probable cause hearing held following the remand. Thiel asked the court to consider the two reports of Dr. Hands and the report of Dr. Kotkin.

¶ 8. In his February 15, 2001 reexamination report, Dr. Hands concluded that Thiel continued to have diagnosis of Pedophilia and Antisocial Personality Disorder, both of which are mental disorders acquired or congenital that affected his emotional or volitional capacity and that predisposed him to commit sexually violent acts. Dr. Hands noted that, according to certain research, Thiel's score on the Hare Psychopathy Checklist-Revised placed him in a category showing

significant psychopathy. Dr. Hands also concluded that, at that time, Thiel "continue[d] to show substantial probability that he will commit another sexually violent offense. He [was] much more likely than not to engage in future sexually violent behavior . . . . [He] remain[ed] a sexually violent person as defined by Chapter 980." Dr. Hands recommended that the court continue Thiel's commitment and confinement.

¶ 9. In his March 26, 2002 reexamination report, Dr. Hands concluded that Thiel continued to have a diagnosis of Pedophilia and Antisocial Personality Disorder, mental disorders within the definition of WIS. STAT. ch. 980, he continued to show substantial probability he would commit another sexually violent offense, he was much more likely than not to engage in future acts of sexually violent behavior, and he remained a sexually violent person as defined by ch. 980. Accordingly, Dr. Hands recommended that "the court not consider Mr. Thiel for supervised release or discharge at this time."

¶ 10. Dr. Kotkin's February 21, 2003 examination report included details of his interview with Thiel, as well a discussion of Thiel's treatment progress and risk factors. Dr. Kotkin reported that Thiel was enrolled in the Core Program at the treatment center and Thiel was "making adequate and satisfactory progress" in the program. Dr. Kotkin stated that Thiel continued to have Pedophilia and Antisocial Personality Disorder. Dr. Kotkin concluded, in light of Thiel's mental condition and history, in spite of progress in treatment, "it would not be prudent, in the opinion of this evaluator, to support a total discharge for Dennis Thiel from status as a committed individual under Chapter 980." Dr. Kotkin, however, wrote:

However, this evaluator believes that Dennis Thiel, especially over the last few years, has demonstrated consistent motivation and intention to participate in and profit from the sexual offender treatment programming offered to him and has been evaluated during this time, generally, as quite positive in terms of his participation and progress in such treatments. In addition, the appended Relapse Prevention Plan (requested by this evaluator) recently completed by Mr. Thiel, demonstrates a self-understanding, thoughtfulness, and anticipation of problems which support the judgment of substantially lowered risk for re-offense. It is thus recommended that Dennis Thiel be granted a supervised release status and, with help and preparation from the Department of Health and Human Services, begin to effect a plan for a return to community living, including supervision and ongoing treatment therein.

¶ 11. Dr. Sachsenmaier's March 20, 2003 reexamination report included details of her interview with Thiel as well as a summary of his treatment progress and risk factors. Dr. Sachsenmaier concluded that Thiel had Pedophilia and Antisocial Personality Disorder and Thiel currently continued to show substantial probability that he would commit another sexually violent offense should he be discharged or placed on supervised release.

¶ 12. At the May 13 probable cause hearing, Thiel argued that Dr. Kotkin's report provided the basis for the court to find probable cause to believe that Thiel is no longer a sexually violent person and, therefore, that a full evidentiary hearing was warranted. After considering all the reports, the court denied Thiel's request for a full evidentiary hearing, concluding that none of the reports contained facts that would establish probable cause to believe that Thiel was no longer a sexually violent person. The court dismissed Thiel's reliance on

Dr. Kotkin's report, commenting that Dr. Kotkin had never directly stated his opinion as to whether Thiel is still a sexually violent person and did not recommend a total discharge. This appeal follows.

¶ 13. On appeal, Thiel focuses on Dr. Kotkin's determination that he was a candidate for supervised release. Thiel argues that Dr. Kotkin's recommendation of supervised release supplies the probable cause necessary to warrant a WIS. STAT. § 980.09(2)(b) full evidentiary hearing on whether he remains a sexually violent person, as that term is defined in WIS. STAT. § 980.01(7). He contends that the court should draw the "reasonable inference" from Dr. Kotkin's recommendation of supervised release that Dr. Kotkin "believed [he] is not substantially probable to reoffend if placed on supervised release." Thiel also seems to argue that if a recommendation of supervised release does not satisfy probable cause and entitle him to a full evidentiary hearing, then § 980.09 violates his due process right to a reassessment of "whether his level of dangerousness had sufficiently decreased to the point where lesser restriction is appropriate."

¶ 14. The circuit court's findings of fact are binding on an appellate court, unless those findings are clearly erroneous. *State v. Schiller*, 2003 WI App 195, ¶ 8, 266 Wis. 2d 992, 669 N.W.2d 747. Whether the facts establish probable cause to believe the individual is no longer a sexually violent person is a question of law that the appellate court determines independently of the circuit court. *See id.* In addition, we are called upon to engage in statutory interpretation. The interpretation of a statute is a question of law that we review without deference to the circuit court. *DeMars v. LaPour*, 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985). Our goal in

interpreting statutes is to discern and give effect to the intent of the legislature. *State v. Morford*, 2004 WI 5, ¶ 21, 268 Wis. 2d 300, 674 N.W.2d 349. A court must ascertain the legislative intent from the language of the statute in relation to its context, history, scope, and objective, including the consequences of alternative interpretations. *Id.* Finally, our review of Thiel's due process claim is de novo. *See State v. Littrup*, 164 Wis. 2d 120, 126, 473 N.W.2d 164 (Ct. App. 1991).

¶ 15. Thiel's claim falls under WIS. STAT. § 980.09(2), which sets forth the procedural posture for a committed individual's petition for discharge without the approval of the secretary of the Department of Health and Human Services.[3] Pursuant to

---

[3] WISCONSIN STAT. § 980.09(2) state:

(2) PETITION WITHOUT SECRETARY'S APPROVAL. (a) A person may petition the committing court for discharge from custody or supervision without the secretary's approval. At the time of an examination under s. 980.07(1), the secretary shall provide the committed person with a written notice of the person's right to petition the court for discharge over the secretary's objection. The notice shall contain a waiver of rights. The secretary shall forward the notice and waiver form to the court with the report of the department's examination under s. 980.07. If the person does not affirmatively waive the right to petition, the court shall set a probable cause hearing to determine whether facts exist that warrant a hearing on whether the person is still a sexually violent person. The committed person has a right to have an attorney represent him or her at the probable cause hearing, but the person is not entitled to be present at the probable cause hearing.

(b) If the court determines at the probable cause hearing under par. (a) that probable cause exists to believe that the committed person is no longer a sexually violent person, then the court shall set a hearing on the issue. At a hearing under this paragraph, the committed person is entitled to be present and to the benefit of the protections afforded to the person under s. 980.03. The district attorney or the department of justice, whichever filed the original petition, shall represent the state at a hearing under this para-

§ 980.09(2)(a), a probable cause hearing is triggered when, following a periodic reexamination, the individual does not affirmatively waive his or her right to petition for discharge without the secretary's approval. If a circuit court finds that the facts do not establish probable cause to believe that the person is no longer a sexually violent person, as that term is defined in WIS. STAT. § 980.01(7), he or she is denied a full evidentiary hearing on that issue. Sec. 980.09(2)(a) and (b). However, if the facts do establish probable cause to believe that the individual is no longer a sexually violent person, he or she is entitled to a full evidentiary hearing, where the State bears the burden of proving by clear and convincing evidence that the "committed person is still a sexually violent person." Sec. 980.09(2)(b).

██

¶ 16. The question before the circuit court at a WIS. STAT. § 980.09(2)(a) probable cause hearing is whether probable cause exists to establish that the individual seeking discharge is no longer a sexually violent person. *See Schiller*, 266 Wis. 2d 992, ¶ 9 (holding that an individual was not entitled to a full hearing when probable cause to believe the individual

graph. The hearing under this paragraph shall be to the court. The state has the right to have the committed person evaluated by experts chosen by the state. At the hearing, the state has the burden of proving by clear and convincing evidence that the committed person is still a sexually violent person.

(c) If the court is satisfied that the state has not met its burden of proof under par. (b), the person shall be discharged from the custody or supervision of the department. If the court is satisfied that the state has met its burden of proof under par. (b), the court may proceed to determine, using the criterion specified in s. 980.08(4), whether to modify the person's existing commitment order by authorizing supervised release.

was no longer a sexually violent person did not exist). A sexually violent person is defined by statute as:

> "Sexually violent person" means a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of or not responsible for a sexually violent offense by reason of insanity or mental disease, defect or illness, and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence.

WIS. STAT. § 980.01(7). Accordingly, there is probable cause to believe the petitioner is no longer a sexually violent person if facts exist establishing probable cause to believe the individual is no longer dangerous because, although he or she has the mental disorder, the mental disorder no longer makes it substantially probable that he or she will engage in acts of sexual violence. *See* §§ 980.01(7), 980.09(2)(a).

¶ 17. By the plain language of the statute, the question at the probable cause hearing is not whether the individual is substantially probable to engage in acts of sexual violence if placed on supervised release or even if discharged from commitment; the statute draws no such distinction. Rather, the question at the probable cause stage is simply whether it is substantially probable that the person will engage in acts of sexual violence without regard to any specific restrictions, supervision or time frame. It is a black-and-white determination—it is either substantially probable that the person will engage in acts of sexual violence or it is not.

¶ 18. Thiel submits that both WIS. STAT. § 980.09(2)(c) and *State v. Williams*, 2001 WI App 263, ¶ 8, 249 Wis. 2d 1, 637 N.W.2d 791, *review denied*, 2002

¶ 19. First, under WIS. STAT. § 980.09(2)(c), the court can only consider whether the individual's existing commitment should be modified to authorize supervised release rather than institutional care if: (1) the circuit court first finds probable cause exists to believe that the individual is no longer a sexually violent person under par. (a), a determination divorced from the petitioner's potential commitment status and (2) the State subsequently proves at a full evidentiary hearing that the committed individual is still a sexually violent person. Thus, the custody options are not relevant to the circuit court's probable cause determination under par. (a) and only become available to the court after the full evidentiary hearing. It is only at that point in the process of petitioning for discharge that a recommendation of supervised release would become relevant.

¶ 20. Futhermore, while the *Williams* court did state "the committing court can *always* consider supervised release *whenever* the committed person seeks discharge," in doing so, the court specifically relied on WIS. STAT. § 980.09(1)(c) and (2)(c).[4] *See Williams*, 249 Wis.

---

[4] As the court in *State v. Williams*, 2001 WI App 263, ¶ 8 n.5, 249 Wis. 2d 1, 637 N.W.2d 791, notes, WIS. STAT. § 980.09(1)(c) and (2)(c) are identical. The only distinction is that subsection (1) applies when the discharge petition is filed with the secretary's approval; subsection (2) applies, as here, when there is a default petition without the secretary's approval.

2d 1, ¶ 8. As discussed above, § 980.09(2)(c) permits the court to consider supervised release if, and only if, a full hearing was warranted and, at the hearing, the State has carried its burden of proving by clear and convincing evidence that the individual is still a sexually violent person. Nothing in *Williams* suggests that, at the probable cause stage under § 980.09(2)(a), the circuit court can or should consider an option of supervised release.

██

¶ 21. Thus, contrary to Thiel's assertions, probable cause to believe a person is no longer a "sexually violent person" is not satisfied by a recommendation of supervised release without more. Accordingly, while Thiel may be correct that Dr. Kotkin's recommendation of supervised release gives rise to the reasonable inference that Dr. Kotkin believed Thiel was not substantially probable to reoffend if placed on supervised release, Dr. Kotkin's recommendation was not relevant to the question before the court and does not, standing alone, supply the probable cause necessary to warrant a full evidentiary hearing on the matter.

¶ 22. Having established that probable cause is not satisfied by a recommendation of supervised release, we turn to Thiel's argument that WIS. STAT. § 980.09 violates his due process right to a reassessment of whether he is appropriate for less restrictive custody. When a constitutional challenge is presented, there exists a strong presumption of constitutionality for legislative enactments. *See Castellani v. Bailey*, 218 Wis. 2d 245, 261, 578 N.W.2d 166 (1998). Every presumption favoring the validity of the law must be allowed. *Id.* In addition, a party challenging a statute

437

has the burden of proving the law unconstitutional beyond a reasonable doubt. *Id.*

¶ 23. As Thiel points out, our supreme court has tied the constitutionality of Wis. Stat. ch. 980 to the availability of periodic reviews that reassess the person's dangerousness to determine if a lesser restriction of his or her liberty is warranted. *See State v. Rachel*, 2002 WI 81, ¶ 56, 254 Wis. 2d 215, 647 N.W.2d 762. However, ch. 980, when viewed as a whole, provides adequate opportunity for a sexually violent person who has been committed to institutional care to obtain a determination as to whether he or she should be granted supervised release. Wisconsin Stat. § 980.09 plainly facilitates the circuit court's determination as to whether the petitioner is appropriate for discharge from custody or discharge from supervision, depending on the status of the petitioner. Wis. Stat. § 980.08, on the other hand, provides the avenue by which an individual can petition for a transfer from custody to supervised release. Section 980.08(1) states that either the committed individual or the director of the individual's facility may file a petition for supervised release on the individual's behalf. Thus, under the statute, a committed individual who is unable to proceed under § 980.09 is not without the opportunity to pursue a less restrictive alternative to commitment.

¶ 24. Furthermore, as Thiel himself recognized at the probable cause hearing, he had a separate petition for supervised release pending before the court. He specifically asked the court to hold the petition for supervised release in abeyance pending the resolution of his Wis. Stat. § 980.09 discharge petition. Under these circumstances, Thiel's complaint that § 980.09 deprives him of his due process right to litigate his request for supervised release must fail.

438

¶ 25. Here, the circuit court, after properly considering the reexamination reports and arguments by counsel, see *State v. Paulick*, 213 Wis. 2d 432, 437–39, 570 N.W.2d 626 (Ct. App. 1997), held that none of the examiner's reports demonstrated probable cause to believe that Thiel's mental disorder no longer made it substantially probable that he would engage in acts of sexual violence and denied Thiel a full evidentiary hearing on the issue. We see no reason to disturb this determination.

■■■

¶ 26. Although he did note that Thiel had made some progress, Dr. Hands explicitly concluded that Thiel remained a sexually violent person as that term is understood in Wis. Stat. ch. 980. In addition, Dr. Sachsenmaier reported that Thiel's mental disorders predisposed him to commit sexually violent acts as defined by ch. 980 and that Thiel currently continued to show substantial probability that he will commit another sexually violent offense should he be discharged or placed on supervised release. Finally, Dr. Kotkin offered no opinion as to whether it was substantially probable that Thiel would engage in acts of sexual violence and his report does not present any facts that would support a conclusion that Thiel is no longer a sexually violent person. Indeed, Dr. Kotkin reported that Thiel continues to have Pedophilia and Antisocial Personality Disorder, two mental disorders that predispose him to commit sexually violent acts. Accordingly, we hold that the circuit court properly concluded that the facts presented failed to establish probable cause to believe that Thiel is no longer a sexually violent person.

¶ 27. We now turn to the second issue on appeal—that being, whether Thiel's due process rights were violated because the circuit court failed to initiate proceedings following remand by this court and therefore nothing occurred until Thiel initiated proceedings by writing to the court nearly ten months later. The State argues that WIS. STAT. § 808.08 controls. Section 808.08 provides:

> When the record and remittitur are received in the trial court:
>
> **(1)** If the trial judge is ordered to take specific action, the judge shall do so as soon as possible.
>
> **(2)** If a new trial is ordered, the trial court, upon receipt of the remitted record, shall place the matter on the trial calendar.
>
> **(3)** If action or proceedings other than those mentioned in sub. (1) or (2) is ordered, any party may, within one year after receipt of the remitted record by the clerk of the trial court, make appropriate motion for further proceedings. If further proceedings are not so initiated, the action shall be dismissed except that an extension of the one-year period may be granted, on notice, by the trial court, if the order for extension is entered during the one-year period.

The State contends that subsec. (3) applies in this case.[5] Subsections (1) and (2), by stating, "the judge shall" and

[5] The supreme court has narrowly defined the phrase "specific action" in WIS. STAT. § 808.08(1) as "a purely ministerial duty." *State ex rel. J.H. Findorff & Son, Inc. v. Circuit Court for Milwaukee County*, 2000 WI 30, ¶ 20, 233 Wis. 2d 428, 608 N.W.2d 679. The following are examples of ministerial duties a circuit court may encounter on remand: (1) a remand with

"the trial court . . . shall" respectively, clearly place the duty on the trial court to initiate the action ordered on remand. Subsection (3), however, uses different language. It states, "any party may . . . make appropriate motion for further proceedings." Thus, by its plain language, subsec. (3) places the onus on the parties to move the circuit court to conduct the further proceedings ordered on remand. The circuit court has no obligation to initiate proceedings or to place the case on its schedule or take any action until a party asks it to do so.

¶ 28. Thiel acknowledges WIS. STAT. § 808.08(3), but claims that the statute is irrelevant because his claim is grounded in due process. He maintains, statute aside, that there is a separate constitutional right to a timely probable cause hearing, *see State v. Beyer*, 2001 WI App 167, ¶¶ 6, 14, 247 Wis. 2d 13, 633 N.W.2d 627, *cert. denied*, 537 U.S. 1210 (U.S. Wis. Feb. 24, 2003) (No. 02–8175), and that the burden is not on the parties, but rather on the circuit court to initiate the proceedings. We reject Thiel's argument. Although Thiel attempts to cast

---

instructions to dismiss a complaint, cross-claim, or counter-claim; (2) a remand requiring a remittitur or requiring a circuit court to remand to an administrative agency; (3) a remand with instructions to impose statutory costs; (4) a remand with instructions to impose statutory attorney's fees; or (5) a remand with instructions to enter judgment in accordance with a prior jury verdict. *Id.*, ¶ 20 n.10. Here, we ordered the circuit court on remand to hold an evidentiary hearing to determine if Thiel's waiver of counsel was "knowingly, voluntarily and intelligently made." *State v. Thiel*, 2001 WI App 32, ¶ 26, 241 Wis. 2d 465, 626 N.W.2d 26. Such a hearing requires "an exercise of discretion" on the circuit court's part and is therefore not a ministerial duty. *See Findorff*, 233 Wis. 2d 428, ¶ 20. Accordingly, § 808.08(1) does not apply. Similarly, because we did not order a new trial, subsec. (2) does not apply. Subsection (3) then applies by default.

his argument as purely constitutional and not statutory, what Thiel is really claiming is that his constitutional rights trump the statute. We can come to no other conclusion but that he actually claims the statute is unconstitutional because it violates due process. As explained earlier, there is a strong presumption of constitutionality for legislative enactments and the party challenging the statute has the burden of proving the law unconstitutional beyond a reasonable doubt. *See Castellani*, 218 Wis. 2d at 261. Thiel offers no basis for finding a constitutional violation in this matter; he cites no authority to support his proposition and we can find none. In short, he has made no attempt to show how the statute might in any way be unconstitutional, much less how the statute is unconstitutional beyond a reasonable doubt. Thiel's constitutional challenge, therefore, must fail.

¶ 29. Thiel also suggests that it would be unfair to place the burden on him to move the court for further proceedings under WIS. STAT. § 808.08(3) because he is an involuntary commitment patient. Thiel, however, was represented by counsel in his previous appeal. After remittitur, it was his appellate counsel's responsibility to contact the circuit court on his behalf and request that the court conduct further proceedings consistent with our decision. We also note that, as demonstrated by his numerous letters to the circuit court that are a part of the appellate record, Thiel was perfectly capable of contacting the circuit court himself. Indeed, in one letter to the court, Thiel explicitly referred to our previous decision and asked the court to conduct the evidentiary hearing we ordered and to appoint an expert for him.

¶ 30. Thiel's letter asking the circuit court to take action in his case was filed ten months after remittitur, well within the one-year time limit established by the statute. The circuit court responded promptly, requesting clarification. As soon as Thiel clarified matters, the court took swift and appropriate action, and Thiel does not contend otherwise. Thus, the circuit court's action in this case was in full compliance with WIS. STAT. § 808.08(3). We, therefore, affirm the circuit court's order denying his petition for discharge.

*By the Court.* —Order affirmed.